# Court of Appeals
# of the State of Georgia

ATLANTA,  July 09, 2026

*The Court of Appeals hereby passes the following order:*

## A26O0030. ANDREW BELL v. THE STATE et al.

Andrew Bell filed this original petition for mandamus in the Supreme Court, which transferred the matter to this Court. Case No. S26O1319 (June 2, 2026). For reasons that follow, the petition is subject to dismissal.

The relevant underlying facts show that Bell is facing criminal prosecution in DeKalb County, and he filed a motion to recuse the trial judge. The motion was denied, and Bell filed an "Application for Discretionary Interlocutory Appeal and Emergency Stay" in the Supreme Court. On August 12, 2025, the Supreme Court ordered the case transferred to this Court. The application was received in this Court on May 11, 2026 and docketed on May 12, 2026. Because Bell failed to obtain a certificate of immediate review, the application was dismissed. Case No. A26I0215 (June 3, 2026).

On April 27, 2026 — before the application had been transmitted — Bell filed this original mandamus petition in the Supreme Court seeking the following relief: (1) a writ compelling the docketing of his application in the Court of Appeals; (2) a recall of the Supreme Court's August 12, 2025, transfer order for that Court to address Bell's alleged constitutional claims; (3) an emergency stay of Bell's prosecution; (4) an order compelling the trial court to disclose exculpatory evidence; (5) the dismissal of all criminal charges; and (6) any other relief deemed proper.  On June 2, 2026, the Supreme Court entered an order in which it found Bell's petition moot to the extent he sought to compel the docketing of the underlying application. To the extent Bell

sought other relief, the Supreme Court transferred the petition to this Court. We, however, are unable to grant mandamus relief.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); see also Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. As the Supreme Court of Georgia has made clear, an appellate court's authority to issue such writs "is connected only to such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments. It does not grant jurisdiction to [the appellate court] to issue process as an original matter wholly unconnected to its appellate jurisdiction." *Arnold v. Alexander*, 321 Ga. 330, 334(1) (914 SE2d 311) (2025) (punctuation omitted). Thus, except in the rarest of cases, the procedure to be followed before seeking to invoke this Court's original mandamus jurisdiction is to file the petition in the appropriate lower court first. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455(2)(b) (699 SE2d 600) (2010).

Here, Bell fails to demonstrate any basis for this Court to exercise its limited original mandamus jurisdiction. First, there is no suggestion that Bell attempted to file a mandamus petition below. Second, mandamus will only issue if no other adequate legal remedy is available. *Bibb County v. Monroe County*, 294 Ga. 730, 734(2) (755 SE2d 760) (2014). "Extraordinary writs are not the proper remedy to seek review of a ruling

made by a trial court where there is a right of judicial review of the judge's ruling, because the availability of judicial review is an adequate legal remedy that eliminates the availability of mandamus relief." *Whitley v. Schwall*, 279 Ga. 726, 726 (620 SE2d 827) (2005) (punctuation omitted). Because Bell will have the right to appeal any criminal conviction, a writ of mandamus does not lie. See id.

For these reasons, Bell's petition for mandamus is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*__07/09/2026_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*